UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
SEAN SCOTT, on behalf of himself and all
others similarly situated,

                         Plaintiff,

-against-

MAMA MARIA'S PIZZERIA &
RESTAURANT, INC., ANTHONY BASILE,
FRANK BASILE, and CROCE BASILE,

                        Defendants.
----------------------------------------------------X

Case No.:  1:24-CV-1564 (AMN/CFH)

**CLASS AND COLLECTIVE ACTION
COMPLAINT**

**Jury Demand**

      Plaintiff SEAN SCOTT ("Plaintiff"), by and through his attorneys, Sacco & Fillas LLP, alleges

as follows against MAMA MARIA'S PIZZERIA & RISTORANTE, INC. ("Corporate Defendant"),

ANTHONY BASILE, FRANK BASILE, and CROCE BASILE ("Individual Defendants")

(Corporate Defendant and Individual Defendants are collectively "Defendants"):

<strong><u>JURISDICTION AND VENUE</u></strong>

      1.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 et seq. (Fair

Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal

question jurisdiction). Supplemental jurisdiction over Plaintiff's New York State law claims is

conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original

jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution.

      2.     Plaintiff filed a charge of discrimination against the Defendants with the Equal

Employment Opportunity Commission (EEOC) complaining of the acts of disability discrimination

and retaliation contained herein, and received a Notice of Right to Sue on September 29, 2024.

3.      Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## NATURE OF THE ACTION

4.      Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 et seq.) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 et seq., based upon the following acts and/or omissions which Defendants committed:

     a.  Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff and similarly situated employees who worked in excess of forty (40) hours per week;

     b.  Defendants' failure to pay spread of hours compensation to Plaintiff and a class of non-managerial employees who worked shifts which began and ended more than ten hours apart;

     c.  Defendants' practice of making unlawful deductions from Plaintiff's pay in violation of NYLL § 193;

     d.  Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195;

     e.  Defendants' failure to provide Plaintiff with at least 40 hours of paid sick leave as required by NYLL § 196-b; and

     f.  Defendants' unlawful retaliation under NYLL §215 against Plaintiff for requesting paid sick leave.

5.      Plaintiff further brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended ("ADA") and New York State Executive Law §296 et seq.

("NYSHRL" or "State Law") based on the Company's discriminatory treatment and retaliatory termination of Plaintiff's employment because of his disability.

6.      Defendants knowingly violated Plaintiff's rights under federal and state laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically and non-economically injured.

7.      Damages and other legal relief are sought pursuant to the FLSA, ADA, NYLL, and the NYSHRL.

## PARTIES

### *Plaintiff*

8.      Plaintiff resides in Schoharie County, New York.

9.      Plaintiff suffers from the disabling condition of Attention-deficit/hyperactivity disorder, "ADHD."

10.     ADHD is a disability that is recognized as a "specific learning disability" under the Americans with Disabilities Act and is protected by the 1990 Americans with Disabilities Act. 42 U.S.C. 12101.

11.     Plaintiff was at all relevant times a disabled individual within the meaning of the Americans with Disabilities Act and the New York State Human Rights Law.

12.     Plaintiff was employed as a pizza maker by Defendants at their restaurant, Mama Maria's Ristorante & Pizzeria, from approximately March 2018 until August 12, 2023.

13.     Plaintiff has been employed by Defendants as a restaurant worker within the last six (6) years.

14.     Plaintiff was at all times an "employee" within the meaning of the ADA and State Law, protected from discrimination on the basis of disability.

### *Defendants*

15.     Defendants' restaurant, Mama Maria's Ristorante & Pizzeria, maintains a principal place of business at 26817 State Highway 23, Stamford, NY 12167 and employs 15 or more employees.

16.     At all relevant times, Defendants engaged in commerce or in an industry or activity affecting commerce and employed more than twenty (20) employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year and accordingly is an "employer" within the definition of the ADA.

17.     At all relevant times hereto, Defendants have continuously been doing business in the State of New York and have continuously employed more than four (4) people, and accordingly are "employers" within the definition under State Law.

18.     Upon information and belief, at all times relevant hereto, Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

19.     Upon information and belief, at all relevant times hereto, Corporate Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

20.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

21.     At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

22.     Upon information and belief, Individual Defendants reside in the State of New York and are owners, managers, and/or employees of the Corporate Defendant.

23.     Individual Defendants are natural persons engaged in business in the State of New York, who are sued individually in their capacities as owners, agents, employees or officers of the Corporate Defendant.

24.     Defendant ANTONY BASILE is an owner of Defendants' restaurant, Mama Maria's Ristorante & Pizzeria.

25.     Defendant CROCE BASILE is an owner of Defendants' restaurant, Mama Maria's Ristorante & Pizzeria.

26.     Defendant FRANK BASILE is an owner of Defendants' restaurant, Mama Maria's Ristorante & Pizzeria.

27.     All Defendants interviewed Plaintiff.

28.     Defendant FRANK BASILE informed Plaintiff that he had been hired.

29.     All Defendants controlled Plaintiff's schedule.

30.     Defendant ANTHONY BASILE set Plaintiff's wage rate, and he also usually gave Plaintiff his pay, though he would sometimes delegate this task to his sons.

31.     Defendant CROCE BASILE supervised Plaintiff.

32.     Individual Defendants each exercised control over the terms and conditions of Plaintiff's employment, including but not limited to controlling his hours, pay rate, and work assignments.

33.     Individual Defendant ANTHONY BASILE terminated Plaintiff.

### **DEFENDANTS' WAGE AND HOUR VIOLATIONS**

#### *Overtime Violations*

34.     When he began working for Defendants in or around March 2019, Plaintiff worked a part-time schedule and was paid entirely in cash at a rate of $17 per hour.

35.     Starting in or around March 2020, Plaintiff began working a full-time schedule, Wednesdays through Sundays from 11:30 a.m. until 9:30 p.m. or often as late as 10:00 pm.

36.     During his last year of employment, Plaintiff worked Thursdays through Sundays, and worked a reduced schedule on Thursdays, from 3:30 p.m. until 9:30 or 10:00 p.m.

37.     Defendants closed the restaurant due to the COVID-19 pandemic for a few weeks in or around March 2020.

38.     Starting in the beginning of 2022, Plaintiff received a raise to $26 per hour.

39.     From after the restaurant reopening until early 2022, Plaintiff regularly worked 50 hours per week.

40.     Plaintiff occasionally worked up to 65 hours per week.

41.     After Plaintiff started working a full-time schedule, Defendants paid Plaintiff partly in cash and partly in check.

42.     Plaintiff would be paid for up to 25 hours per week by check, and the rest by cash.

43.     Plaintiff's check wrongfully showed that Plaintiff was being paid $15 per hour.

44.     After Plaintiff received a raise, his check reflected that he was paid $16 per hour.

45.     The remaining $10 per hour for the hours accounted for on his check would be paid to Plaintiff in cash.

46.     Plaintiff was also paid in cash for all hours beyond those accounted for on his checks.

47.     Plaintiff was not paid at a rate of one and a half times his standard rate for all hours beyond 40 per week.

48.     Plaintiff was not provided with any breaks.

### Unlawful Deductions

49.     Defendants deducted $2 per hour from each of Plaintiff's paychecks for approximately a year between August 2021 and August 2022, amounting to an estimated $3000 in deductions.

50.     Defendants falsely labeled these deductions as "taxes for child support."

51.     However, upon information and belief, these deductions were not being taken as any form of tax withholding for child support purposes.

52.     These deductions were never authorized in writing by Plaintiff.

53.     These deductions were made in violation of NYLL § 193.

### Notice and Recordkeeping Violations

54.     Plaintiff's paychecks regularly reflected inaccurate information about his pay rate and the number of hours he worked.

55.     Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

56.     Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

57.     Defendants also did not provide Plaintiff with proper paystubs specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or any other information as required under NYLL § 195.

58.     Accordingly, Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.


**DEFENDANTS' DISCRIMINATORY, HARASSING AND RETALIATORY ACTIONS**

59.     Individual Defendants were each aware that Plaintiff suffered from ADHD.

60.     Individual Defendants FRANK BASILE and CROCE BASILE engaged in an ongoing pattern of harassment against Plaintiff due to his ADHD.

61.     This harassment included but is not limited to taunting the Plaintiff for mannerisms symptomatic of his ADHD, insulting him based on his condition, assigning him less favorable job duties, and discarding his ADHD medication.

62.     Individual Defendants FRANK BASILE and CROCE BASILE mocked Plaintiff for his reading abilities and for the way he answered the phone.

63.     Defendant CROCE BASILE called Plaintiff a "moron."

64.     Plaintiff would read order tickets out loud as a memory aid. Individual Defendants FRANK BASILE and CROCE BASILE would mimic Plaintiff reading tickets out loud with an added stutter.

65.     On one occasion, Individual Defendant CROCE BASILE commented to Plaintiff: "Conservatives don't take meds for ADHD."

66.     On one occasion, Individual Defendant CROCE BASILE confiscated Plaintiff's medication and mocked him for needing it.

67.     When Plaintiff reported the unlawful harassment to Individual Defendant ANTHONY BASILE multiple times, he took no corrective action and the harassment based on disability continued.

68.     Individual Defendant CROCE BASILE consistently denied Plaintiff's reasonable leave requests for medical treatment for his ADHD. Plaintiff was forced to take all of his appointments on his days off. When Plaintiff complained to Individual Defendant ANTHONY BASILE about these denials, he would only reply that Plaintiff should "talk to Croce."

69.     Plaintiff learned that Defendants had placed hiring advertisements for his job title starting in or around Memorial Day 2023.

70.     In the week leading up to August 12, 2023, the harassment against Plaintiff had been escalating and becoming more frequent.

71.     On August 12, 2023, Individual Defendants CROCE BASILE and FRANK BASILE had been making jokes about Plaintiff consistently all morning.

72.     The hood fan in Plaintiff's work area was broken, causing extreme heat.

73.     Plaintiff requested that a fan be provided to him.

74.     Individual Defendant CROCE BASILE laughed and refused to provide one.

75.     Plaintiff then texted Individual Defendant ANTHONY BASILE on the phone to request a fan.

76.     Upon information and belief, Individual Defendant ANTHONY BASILE then called his son and told him to provide Plaintiff with a fan.

77.     Individual Defendant CROCE BASILE threw a fan at the Plaintiff's ankle, resulting in injury, including but not limited to a fractured left ankle. "Here's your fucking fan."

78.     Subsequently, Defendant CROCE BASILE threatened to strike the Plaintiff with his fist, causing him to leave the restaurant.

79.     At no time during this altercation did Plaintiff swear in front of customers.

80.     On or about the same day, Plaintiff reported the aforesaid attack to Defendant ANTHONY BASILE.

81.     Plaintiff was terminated after this interaction.

82.     Upon information and belief, the Plaintiff was discharged due to his ADHD and/or in retaliation for reporting harassment regarding his ADHD.

83.     Upon information and belief, with one or more reasonable accommodations, the Plaintiff could perform the essential functions of the pizza maker position. The Defendants refused to accommodate the Plaintiff's ADHD.

84.     Defendants did not engage in a good faith interactive process to identify reasonable accommodations to enable Plaintiff to continue in his position at Defendants' restaurant.

85. Upon information and belief, Defendants did not evaluate the feasibility of Plaintiff's accommodation request(s).

86. Upon information and belief, Defendants arbitrarily rejected Plaintiff's leave request(s) without further inquiry.

87. Upon information and belief, Defendants would not suffer undue hardship in granting Plaintiff's leave request(s).

88. Upon information and belief, Defendants did not provide any accommodation to Plaintiff for his ADHD.

89. Upon information and belief, Defendants harassed Plaintiff because of his ADHD.

90. Upon information and belief, Plaintiff was subjected to a hostile work environment based on his ADHD.

91. The Defendants knew or should have known about the unlawful harassment and either accepted or approved it. They did not adequately address the Plaintiff's complaints of harassment related to his ADHD.

92. Defendants retaliated against and terminated the Plaintiff after he made his complaint concerning unlawful harassment.

93. Defendants did not allow the Plaintiff to return to work at Defendants' restaurant.

### *NYLL Paid Sick Leave Violations and Retaliation*

94. Under NYLL §§ 196-b(1)(b), "employers with between five and ninety-nine employees in any calendar year" must provide each employee "with up to forty hours of paid sick leave in each calendar year."

95. Upon information and belief, Defendants employed between five and ninety-nine employees at all relevant times.

96.     Plaintiff requested sick leave on several occasions to attend appointments related to his ADHD.

97.     However, Defendant CROCE BASILE denied him this paid sick leave, saying that he should take appointments on his days off.

98.     When Plaintiff complained to Defendant ANTHONY BASILE about these denials, he took no action to correct the issue.

99.     Defendants' retaliatory termination of Plaintiff was based in part on his requests for sick leave.

## COLLECTIVE ACTION ALLEGATIONS

100.     Plaintiff brings this action on behalf of himself and all similarly situated non-managerial employees who worked at Defendants' restaurant within the statute of limitations period prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

101.     The FLSA Collective consists of a large number of employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, list all claims, e.g., willfully denying them overtime wages etc.

102.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a.   willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and,

   b.   willfully failing to record all the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

103.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

104.    The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Restaurant Workers can be readily identified and located through Defendants' records. The similarly situated Restaurant Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

105.    Upon information and belief, those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

106.    Defendants engaged in deceptive conduct—including but not limited to requiring Plaintiff to sign an "independent contractor form"— to lead Plaintiff and Collective and Class Members to believe that e.g., they were independent contractors and not employees, which prevented Plaintiff and Collective and Class Members from discovering or asserting their claims any earlier than they did.

## CLASS ACTION ALLEGATIONS

107.    Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated non-managerial employees who work or have worked for Defendants within the six years and 228 days prior to the filing of this Complaint (the "Rule 23 Class").

108.    The class is so numerous that joinder of all members is impracticable.

109.    There are questions of law or fact common to the class including but not limited to: whether Defendants maintained payroll records and whether Defendants violated New York Labor Law overtime, spread-of-hours, or wage notice and statement requirements.

110.    The claims or defenses of the representative parties are typical of the claims or defenses of the class because anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment, work or worked for Defendants within the statutory period, and sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

111.    Plaintiff and the Rule 23 Class were all injured in that they were victims of Defendants' violations of the NYLL due to Defendants' common policies, practices, and patterns of conduct.

112.    The named Plaintiff will fairly and adequately protect the interests of the class.

113.    Plaintiff has retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

114.    There is no conflict between the named Plaintiff and the Rule 23 Class members.

115.    Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

116.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

117.    Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

118.    Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

119.    Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

## FIRST CAUSE OF ACTION

### (Overtime Wage Violations under the FLSA
### as to All Defendants)

120.    Plaintiff repeats and reincorporates all foregoing paragraphs as if fully set forth herein.

121.    Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

122.    At all times relevant, Plaintiff and the members of the FLSA Collective and Rule 23 Class are, were, or have been employees of Defendants within the meaning of 29 U.S.C. §§ 201 et seq.

123.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective and Rule 23 Class, engaged in commerce and /or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 et seq.

124.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective and Rule 23 Class overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

125. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

126. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

127. As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective and Rule 23 Class have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

### (Overtime Wage Violations under the NYLL
### as to All Defendants)

128. Plaintiff repeats, reiterates, and incorporates all foregoing paragraphs as if fully set forth herein.

129. Defendants have failed to pay Plaintiff and the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

130. Through their knowing or intentional failure to pay Plaintiff and the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

131.    Due to Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION

**(Unlawful Pay Deductions under the NYLL
as to All Defendants)**

132.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

133.    By the acts and practices described herein, Defendants intentionally and willfully violated State Law by making unauthorized deductions from Plaintiff's pay.

134.    As a proximate result of Defendants' unlawful deductions, Plaintiff has endured monetary loss, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

### FOURTH CAUSE OF ACTION

**(Failure to Notify under the NYLL
as to All Defendants)**

135.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

136.    Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, inter alia, his hourly regular and overtime rates of pay.

137.    Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, hours worked, and the pay period.

138.    Defendants failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

139.    n failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff' interest in ensuring proper pay. Despite

140.    Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely. 140. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct actually harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

141.    Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.

142.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION

### (Discriminatory Termination under the ADA
### as to Corporate Defendant)

143.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

144.    At all relevant times, Plaintiff has had ADHD, a qualifying disability under the ADA.

145.    Defendants willfully violated the ADA when they terminated Plaintiff's employment because of his disability.

146.    As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

147.    As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION

### (Discrimination under the ADA
### as to Corporate Defendant)

148.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

149.    At all relevant times, Plaintiff has had ADHD, a qualifying disability under the ADA.

150.    Corporate Defendant violated the ADA by creating and tolerating a hostile work environment against Plaintiff based on his disability.

151.    As a proximate result of Corporate Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

152.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**SEVENTH CAUSE OF ACTION**

**(Retaliation under the ADA
as to Corporate Defendant)**

153.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

154.    Plaintiff engaged in protected activity when he requested reasonable accommodations in the form of time off to attend doctor's appointments and taking medication while at work.

155.    Corporate Defendant violated the ADA by tolerating harassment against Plaintiff and terminating Plaintiff's employment because of his accommodation requests and complaints of discrimination.

156.    As a proximate result of Defendants' unlawful acts, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

157.    As a proximate result of Defendants' unlawful acts, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**EIGHTH CAUSE OF ACTION**

**(Discrimination under the NYSHRL
as to All Defendants)**

158.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

159.    At all relevant times, Plaintiff has had ADHD, a qualifying disability under the NYSHRL.

160.    Defendants violated the NYSHRL by creating a hostile work environment against Plaintiff based on his disability and terminating him based on his disability.

161.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

162.    As a proximate result of Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## NINTH CAUSE OF ACTION

### (Retaliation under the NYSHRL
### as to All Defendants)

163.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

164.    At all relevant times, Plaintiff has had ADHD, a qualifying disability under the NYSHRL.

165.    Defendants retaliated against Plaintiff in violation of the NYSHRL by creating a hostile work environment against him based on his disability and terminating him in part due to his accommodation requests and complaints of disability discrimination.

166.    As a proximate result of Defendants' unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

167.    As a proximate result of Defendants' unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## TENTH CAUSE OF ACTION

### (Spread of Hours under the NYLL as to All Defendants)

168.    Plaintiff repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

169.    N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which... the spread of hours exceeds 10 hours [in a day]." ("Spread of hours" compensation).

170.    N.Y. Comp. Code Rules & Regs. tit. 12 §§ 146-1.6 requires that "on each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate."

171.    Plaintiff and the Rule 23 Class regularly worked more than ten (10) hours in a day.

172.    Defendants did not pay Plaintiff and the Rule 23 Class an additional hour's pay when they worked more than ten (10) hours in a day.

173.    Consequently, by failing to pay to Plaintiff and the Rule 23 Class an additional hour's pay when Plaintiff and the Rule 23 Class worked more than ten (10) hours in a day, Defendants violated N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.4 and 146-1.6.

174.    By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and 12 NYCRR 146-1.6 and are liable to Plaintiff and the Rule 23 Class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## ELEVENTH CAUSE OF ACTION

### (Denial of Sick Leave under NYLL §196-b)

175.    Plaintiff repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

176.    Under NYLL § 196-b, "employers with between five and ninety-nine employees in any calendar year" must provide each employee "with up to forty hours of paid sick leave in each calendar year."

177.    This sick leave may be taken "for the diagnosis, care, or treatment of a mental or physical illness, injury or health condition of, or need for medical diagnosis of, or preventive care" for an employee. NYLL § 196-b(4)(a)(ii).

178.    At all relevant times, Defendants constituted an employer with between five and ninety-nine employees, and as such were required to provide forty hours of paid time off.

179.    Defendants denied Plaintiff any paid time off to attend doctor's appointments related to his ADHD.

180.    By the foregoing reasons, Defendants have violated NYLL § 196-b and are liable to Plaintiff and the Rule 23 Class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## **TWELFTH CAUSE OF ACTION**

### **(Retaliation for Requesting Sick Leave under NYLL §215)**

181.    Plaintiff repeat, reiterate, and incorporate all foregoing paragraphs as if fully set forth herein.

182.    NYLL § 215 prohibits employers from retaliation against employees for activities protected under the New York Labor Law.

183.    Under NYLL § 196-b, "employers with between five and ninety-nine employees in any calendar year" must provide each employee "with up to forty hours of paid sick leave in each calendar year."

184.    This sick leave may be taken "for the diagnosis, care, or treatment of a mental or physical illness, injury or health condition of, or need for medical diagnosis of, or preventive care" for an employee. NYLL § 196-b(4)(a)(ii).

185.    At all relevant times, Defendants constituted an employer with between five and ninety-nine employees, and as such were required to provide forty hours of paid time off.

186.    Plaintiff requested paid time off to attend doctor's appointments related to his ADHD.

187.    In part due to these requests, Defendants terminated Plaintiff.

188.    By the foregoing reasons, Defendants have violated NYLL § 215 and are liable to Plaintiff and the Rule 23 Class in an amount to be determined at trial, plus damages, interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment in their favor and against Defendants, and grant the following relief:

a.  **Certification of a Collective Action**: Certify this action as a collective action under the FLSA, and authorize that notice be sent to all similarly situated individuals, allowing them the opportunity to join this action by filing written consent to opt-in.

b.  **Certification of a Class Action**: Certify this action as a class action under Rule 23 of the Federal Rules of Civil Procedure with respect to Plaintiff' claims under the NYLL.

c.  **Economic Damages**: Award Plaintiff full compensation for all economic losses incurred as a result of Defendants' unlawful conduct, including but not limited to:

      i.   Lost past and future wages;

      ii.   Lost benefits, including health insurance, retirement benefits, and other employment-related benefits;

      iii.   Loss of career opportunities, promotions, and bonuses;

      iv.   Other forms of compensation and employment-related remuneration Plaintiff would have received but for Defendants' discriminatory and retaliatory actions under the Americans with Disabilities Act (ADA) and New York State Human Rights Law (NYSHRL).

d.  **Front Pay**: Order an award front pay and benefits to compensate Plaintiff for future lost wages and benefits.

e.  **Compensatory Damages**: Award Plaintiff compensatory damages for:

      i.   Emotional distress, pain and suffering, mental anguish, humiliation, and loss of enjoyment of life resulting from Defendants' unlawful acts under the ADA and NYSHRL.

f.  **Punitive Damages**: Award punitive damages as allowed under the ADA and NYSHRL to punish Defendants for their willful, malicious, or reckless disregard of Plaintiff' rights and to deter future violations.

g.  **Liquidated Damages**: Award liquidated damages under applicable laws, including the FLSA and NYLL, for Defendants' violations of wage and hour regulations.

h.  **Attorneys' Fees and Costs**: Award Plaintiff reasonable attorneys' fees, costs, and disbursements incurred in prosecuting this action, as permitted by the ADA, NYSHRL, FLSA, and NYLL.

i.  **Pre- and Post-Judgment Interest**: Award Plaintiff pre- and post-judgment interest on all sums awarded, as permitted by law.

j.  **Injunctive Relief**: Grant injunctive relief requiring Defendants to:

  i.  Cease their unlawful employment practices and ensure compliance with the

     ADA, NYSHRL, FLSA, and NYLL.

k.  **Further Relief**: Grant such other and further relief as the Court deems just,

   equitable, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury for all issues so triable.

Dated: Astoria, New York                SACCO & FILLAS, LLP
       December 23, 2024

                                        By: _/s/ Madeline Howard_____
                                            Madeline Howard, Esq.
                                            3119 Newtown Ave, Seventh Floor
                                            Astoria, NY 11102
                                            Tel: 718-269-2251
                                            Fax: 718-559-6517
                                            mhoward@saccofillas.com
                                            *Attorneys for Plaintiff*

25

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER

## LIABILITY FOR SERVICES RENDERED

TO: MAMA MARIA'S PIZZERIA & RESTAURANT, INC

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of MAMA MARIA'S PIZZERIA & RISTORANTE, INC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Queens, New York
           December 23, 2024

SACCO & FILLAS LLP

By: _____/s/Madeline Howard_____
     Madeline Howard, Esq.
     3119 Newtown Ave, Seventh Floor
     Astoria, NY 11102
     Tel: 718-269-2251
     Fax: 718-559-6517
     mhoward@saccofillas.com
     *Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES
PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS
CORPORATION LAW**

TO: MAMA MARIA'S PIZZERIA & RESTAURANT, INC

PLEASE TAKE NOTICE, that Plaintiffs and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Queens, New York
      December 23, 2024

SACCO & FILLAS LLP

By: _____/s/ Madeline Howard_____
    Madeline Howard, Esq.
    3119 Newtown Ave, Seventh Floor
    Astoria, NY 11102
    Tel: 718-269-2251
    Fax: 718-559-6517
    mhoward@saccofillas.com
    *Attorneys for Plaintiffs*